NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES DONALD RUSTEN, | No. 10-35514 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-00176-JPH |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION; UNITED STATES ATTORNEY FOR THE CIVIL DIVISION OF THE EASTERN DISTRICT OF WASHINGTON; ATTORNEY GENERAL OF THE UNITED STATES, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
James P. Hutton, Magistrate Judge, Presiding

Submitted October 27, 2011[**]
San Francisco, California

Before: FARRIS, BEEZER, and LEAVY, Circuit Judges.

_____

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

James Rusten appeals the district court's summary judgment affirmance of the Commissioner of the Social Security Administration's denial of Social Security disability benefits. The Administrative Law Judge (ALJ) found that Rusten's combination of impairments did not significantly limit Rusten's ability to perform work, leading to a finding of "not disabled" under 20 C.F.R. § 404.1520(a)(4). Rusten contends that the ALJ erred by giving little weight to his own testimony, the lay testimony of his wife and mother and the medical opinions of Dr. Verby, Dr. Chandler and Nurse Billings. Because the ALJ's denial was supported by substantial evidence, we affirm.

We have jurisdiction over this case under 28 U.S.C. § 1291. The facts of the case are known to the parties. We do not repeat them here.

## I

The ALJ gave specific, clear and convincing reasons for giving Rusten's testimony slight weight. *See Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). The ALJ noted that there were inconsistencies between Rusten's testimony and the medical record, and inconsistencies within Rusten's testimony itself. Inconsistent assertions in a claimant's testimony, and between a claimant's testimony and conduct, can be specific reasons not to find the claimant credible.

*Thomas v. Barnhart*, 278 F.3d 947, 958–59 (9th Cir. 2002); *see also* SSR 96-7p, 1996 WL 374186 (July 2, 1996). The ALJ also noted that Rusten was evasive and dishonest about his past drug use. Inconsistent or dishonest statements about drug use can be used to infer a lack of veracity in the claimant's other assertions. *Thomas*, 278 F.3d at 959. Finally, the ALJ also noted that Rusten sought treatment for his mental impairments only infrequently, which the ALJ believed called into question the severity of Rusten's impairments. *See* SSR 96-7p, 1996 WL 374186 (July 2, 1996) (A claimant's statements "may be less credible if the level or frequency of treatment is inconsistent with the level of complaints, or if the medical reports or records show that the individual is not following the treatment as prescribed and there are no good reasons for this failure."). All three of the ALJ's reasons for giving Rusten's testimony little weight are specific, clear and convincing reasons supported by the record. The ALJ therefore did not err in giving Rusten's testimony little weight.

## II

The ALJ gave specific reasons, germane to each witness, for giving little weight to the lay witness testimony of Rusten's mother and ex-wife. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). The ALJ noted that their testimony was at odds with the preponderance of the medical evidence. *See Bayliss v. Barnhart*,

3

427 F.3d 1211, 1218 (9th Cir. 2005) (lay testimony inconsistent with medical evidence is a germane reason to reject lay testimony). He also noted that Rusten's mother and ex-wife could not be considered disinterested witnesses, and that their statements were likely colored by affection for him. *See Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (lay witness's close relationship with and desire to help claimant can be a basis for rejecting lay testimony). Both of these reasons are germane to each witness and backed by substantial evidence in the record. The ALJ therefore did not err in giving little weight to the testimony of Rusten's mother and ex-wife.

### III

The ALJ did not err in giving little weight to the testimony of Dr. Verby, Dr. Chandler and Nurse Billings.

The ALJ is responsible for resolving conflicts in the medical testimony. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008). An ALJ cannot discount the opinion of a treating or examining physician without providing "specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995).

Dr. Verby was Rusten's treating physician from 2003–2005. The ALJ gave Dr. Verby's medical opinion some weight and noted that Dr. Verby indicated that

4

Rusten's condition could be controlled with treatment. Medical impairments that can be effectively controlled with medication are not disabling. *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). The ALJ's reason for giving Dr. Verby's testimony only some weight was therefore supported by specific and legitimate reasons supported by the record.

The ALJ did err in giving little weight to the medical opinions of Dr. Chandler, an examining physician. The only reason the ALJ provided for not crediting Chandler's medical conclusions was that her assessment was made after the date last insured. But in considering medical testimony, "medical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the pre-expiration condition." *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988). Where an ALJ has erred, we will still uphold the decision if the error was harmless. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). Even if the ALJ had given Dr. Chandler's medical evaluation more weight, substantial evidence would still support the ALJ's finding of no disability, particularly because Dr. Chandler's own evaluation questions Rusten's self-reported ADD diagnosis. The ALJ's error therefore does not warrant reversal.

The ALJ did not err in giving little weight to Nurse Billings' opinion. A nurse practitioner is an "other source" for the purposes of medical testimony, *see*

5

20 C.F.R. § 404.1513(a) & (d), and as such, his opinion cannot be used to establish a medical impairment. *See id.* An ALJ can give less weight to an "other source" medical opinion by providing "reasons germane to each witness for doing so." *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010) (internal quotations omitted). Here, ALJ gave Nurse Billings' opinion little weight because it was at odds with the rest of the medical evidence in the record, and because the opinion letter gave rise to the possibility that Nurse Billings' opinion was colored by improper motives. These are specific reasons germane to the witness and supported by the record. The ALJ therefore did not err in his treatment of Nurse Billings' medical opinion.

## IV

The judgment of the district court is accordingly

**AFFIRMED**.